IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>CHARLES CHARLESTON,<br><br>                                             Debtor. | Chapter 7<br><br>Case No. 05-26958-SSC<br><br>Adv. No. 06-00362 |
| ETHEL "ALI" MALOY,<br><br>        Plaintiff,<br><br>v.<br><br>CHARLES CHARLESTON,<br>         Defendant. | JUDGMENT AGAINST CHARLES CHARLESTON |

This matter came before the Court on a Motion for Default Judgment filed by Ethel "Ali" Maloy ("Plaintiff") on January 11, 2007. A default or "prove-up" hearing was conducted on February 13, 2007, at which the Plaintiff requested a non-dischargeable judgment, in the amount of $107,000 be entered against Charles Charleston ("Defendant"), to compensate her for losses incurred through her reliance on misrepresentations made by the Defendant or incurred through the Defendant's actual fraud.

At the time of the Debtor's bankruptcy filing, the Plaintiff had not obtained a judgment against the Defendant. Thus, the Court was required to determine whether the Defendant was liable to the Plaintiff, an amount of damages incurred by the

Plaintiff, and whether the judgment should be deemed non-dischargeable under 11 U.S.C. § 523(a)(2)(A) (West 2005).

As thoroughly discussed in the Court's extensive decision on the record, the Plaintiff presented a prima facie case of misrepresentation or actual fraud under state law. To recover on an action for fraud in Arizona, a plaintiff must prove nine elements of fraud. Poley v. Bender, 87 Ariz. 35, 39, 347 P.2d 696, 698 (1959). These are: 1) A representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of its truth; 5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of its falsity; 7) her reliance on its truth; 8) her right to rely thereon; and 9) her consequent and proximate injury. Staheli v. Kauffman, 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979).

However, pursuant to 11 U.S.C. § 523(a)(2)(A), a monetary debt is non-dischargeable "to the extent obtained by false pretenses, a false representation, or actual fraud." In the Ninth Circuit, to prove non-dischargeablity under §523(a)(2)(A), the Plaintiff must show that "(1) that the debtor made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor justifiably relied on such representations; and (5) that the creditor sustained alleged loss and damage as the proximate result of such representations." In re Diamond, 285 F.3d 822 (9th Cir. 2002); In re Slyman, 234 F.3d 1081 (9th Cir. 2000); In re Ettell, 188 F.3d 1141, 1144 (9th Cir. 1999); In re Hashemi, 104 F.3d 1122, 1125 (9th Cir. 1996); In re Eashai, 87 F.3d 1082 (9th Cir. 1996). The Plaintiff bears the burden of proof, by a preponderance of the evidence, on all elements of a Section 523(a)(2)(A) request that certain debt be deemed non-dischargeable. Grogan v. Garner, 498 U.S. 279, 284, 111 S.Ct. 654, 657-58, 112 L.Ed.2d 755 (1991). For the reasons enumerated on the record, the Court found that the Plaintiff presented a prima facie case of misrepresentation or actual fraud. Although the Plaintiff presented sufficient evidence to have a judgment for fraud entered against the Defendant, pursuant to Arizona law, the Court must ultimately rely on Ninth Circuit law to determine whether the debt is non-dischargeable under Section 523(a)(2)(A). Many of the elements of

1  actual fraud under Arizona law overlap and are coextensive with what must be shown under
2  Ninth Circuit law.  The court concludes that the Plaintiff has sustained her burden of proof in
3  presenting a prima facie case that the obligation or debt that Defendant owes to her is non-
4  dischargeable under Section 523(a)(2)(A).

5  However, it is also the Plaintiff's burden to provide evidence as to the
6  amount of the damages that were proximately caused by the fraud of the Defendant.  The
7  Court concludes that Ms. Maloy has carried her burden of proof as to only a portion of the
8  damages requested.  Therefore, the Court concludes that the Plaintiff is entitled to judgment
9  against the Defendant, in the amount of $45,532, with interest accruing thereon at the federal
10 statutory rate as set forth in 28 U.S.C. § 1961,  until the judgment is paid in full.  Based upon
11 the foregoing,

12 IT IS ORDERED that the Plaintiff shall have judgment against the
13 Defendant Charles Charleston in the amount of $85,532, which shall accrue interest at the
14 federal statutory rate as set forth in 28 U.S.C. § 1961 until the debt is paid in full, and said
15 debt shall be non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

16 IT IS FURTHER ORDERED that the Bankruptcy Noticing Center shall
17 immediately provide notice of this Judgment to all interested parties.

20 Dated this 21st day of February, 2007.

23 The Honorable Sarah Sharer Curley
United States Bankruptcy Judge